UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

RAHMAN LEWIS,

         Plaintiff,       Docket No.

 -against-              **COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER MARQUIS
WILLIAMS (Shield No. 28751), POLICE OFFICER   *Jury Trial Demanded*
MEAGAN CAMACHO (Shield No. 4890), POLICE
OFFICER JOSE TAVAREZ (Shield No. 02044), and
POLICE OFFICERS JOHN AND JANE DOE 1-99,

          Defendants.

----------------------------------------------------------------------X

   Plaintiff Rahman Lewis, by and through his attorneys, HELD & HINES, LLP, as and for

his Complaint against defendants City of New York, Police Officer Marquis Williams (Shield No.

28751), Police Officer Meagan Camacho (Shield No. 4890), Police Officer Jose Tavarez (Shield

No. 02044), and Police Officers John and Jane Doe 1-99, states and alleges as follows:

## PRELIMINARY STATEMENT

   1.  Plaintiff commences this action pursuant to 42 U.S.C. §1983 seeking compensatory

and punitive damages for violating Plaintiff's constitutional rights while acting under color of law,

together with reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

   2.  As a result of each defendant's acts and omissions alleged herein, Plaintiff suffered

loss of liberty, pecuniary damages, significant bodily injuries, as well as psychological and

emotional injuries.

   3.  In addition to his claims asserted against the defendants pursuant to 42 U.S.C.

§1983 *et seq.*, Plaintiff also asserts supplemental state law claims of (a) assault and battery; (b)

abuse of process and malicious prosecution; (c) negligent screening, hiring, training, supervision, and retention; (d) negligence; and (e) intentional and negligent infliction of emotional distress.

## JURISDICTION AND VENUE

4.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America.

5.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

6.     This Court has personal jurisdiction over this action because, as detailed below, at least one of the defendants resides in the State of New York.

7.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) as all Defendants are residents of New York and, pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## PARTIES

8.     At all times alleged herein, Plaintiff was and remains a resident of the State and County of New York.

9.     At all times alleged herein, defendant City of New York (hereinafter referred to as "City") was and remains a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

10.     At all times alleged herein, defendant City maintained the New York City Police Department (hereinafter referred to as "NYPD") pursuant to law. The City assumed the risks incidental to the maintenance of a police force and the employment of police officers, including the defendant officers.

11. At all times alleged herein, defendant Police Officer Marquis Williams (Shield No. 28751) (hereinafter, "Officer Williams"), was a police officer employed by the City and the NYPD. At all times relevant to the facts of this Complaint, said defendant was acting under color of law and within the scope of his employment. Said defendant is sued in his individual and official capacity.

12. At all times alleged herein, defendant Police Officer Meagan Camacho (Shield No. 4890) (hereinafter, "Officer Camacho"), was a police officer employed by the City and the NYPD. At all times relevant to the facts of this Complaint, said defendant was acting under color of law and within the scope of her employment. Said defendant is sued in her individual and official capacity.

13. At all times alleged herein, defendant Police Officer Jose Tavarez (Shield No. 02044) (hereinafter, "Officer Tavarez"), was a police officer employed by the City and the NYPD. At all times relevant to the facts of this Complaint, said defendant was acting under color of law and within the scope of his employment. Said defendant is sued in his individual and official capacity.

14. At all times alleged herein, defendant Police Officers John and Jane Doe 1-99 (hereinafter referred to as the "John Doe Officers") were members of the City of New York Police Department and acting under color of law and whose names and/or titles are not yet known to Plaintiff. Said defendants are sued in their individual and official capacity.

**STATEMENT OF FACTS**

15. On or about October 8, 2024, at 1613 St. Nicholas Avenue, New York, New York, within the bodega known as "1613 Deli Foods," the defendant officers, without any legal justification, provocation or threat to their safety, stopped, assaulted, battered, and used excessive

force upon Plaintiff. Said officers then forcibly restrained, searched, and arrested Plaintiff against his will and without a warrant, reasonable suspicion, or probable cause that Plaintiff had committed a crime.

16.     Between the approximate hours of 7:00 - 8:00 p.m., Plaintiff entered 1613 Deli Foods, located at 1613 Saint Nicholas Avenue, New York, New York, and asked the clerk to exchange three one-dollar bills and eight quarters for a five dollar bill.

17.     As that was happening, approximately eight plainclothes NYPD police officers, upon information and belief Officers Williams, Camacho, Tavarez and John Doe Officers (collectively, the "defendant officers"), entered 1613 Deli Foods. The officers were not in uniform, did not have any NYPD identification visible, and many were dressed in khaki pants and black shirts.

18.     The defendant officers immediately shouted at Plaintiff not to move and to put his hands up. Plaintiff asked who they were, but the defendant officers did not respond.

19.     The officer who had shouted at Plaintiff revealed a body worn camera and then threw it on the floor in an effort to feign him being knocked to the ground.

20.     Immediately after the officer threw his camera on the floor, the defendant officers began their vicious attack on Plaintiff.

21.     The defendant officers repeatedly struck Plaintiff with police batons and punched him in his face, nose, ribs, back, legs, shoulders, and head.

22.     The vicious assault went on for several minutes. It ended when one of the officers called out for the defendant officers to stop because Plaintiff was bleeding so much.

23.     The defendant officers would later claim that upon searching Plaintiff's person and/or property that a quantity of narcotics was recovered. Thereafter, Plaintiff was charged with

Criminal Possession of a Controlled Substance in the Third Degree and Assault in the Second Degree, both of which the arresting officer and other officers on duty knew or by reasonable investigation should have known that Plaintiff did not commit.

24. The defendant officers did not have any suspicion that Plaintiff had committed a crime or was in possession of said narcotics prior to their stop, search, and assault of him in the bodega; did not have any objective, credible reason to approach Plaintiff; did not have any founded suspicion of criminal activity to justify questioning and/or requesting to search Plaintiff; did not have any reasonable suspicion to forcibly stop, detain and/or frisk Plaintiff; and did not have probable cause to arrest Plaintiff. As such, the defendant officers violated Plaintiff's rights by forcibly stopping and detaining him, searching his person and property, and arresting him.

25. The defendant officers violated Plaintiff's rights by using excessive force upon him and then falsely claiming that he had assaulted one of the officers in order to cover up and justify their excessive use of force.

26. The defendant officers then maliciously prosecuted Plaintiff on these contrived and fabricated felony charges. In furtherance of this pretextual and malicious prosecution, and in an effort to cover-up, conceal and/or justify their arrest and unlawful use of force on Plaintiff, the defendant officers knowingly gave false and/or purposefully misleading official and/or sworn statements in order to effectuate the arrest, charging and prosecution of Plaintiff.

27. Following the assault in the 1613 Deli, the defendant officers picked Plaintiff up – now covered in his own blood – searched him and placed him in the back of a vehicle without telling him where they were taking him or who they were.

28. Plaintiff was transported to the 34th Precinct for processing, during which he surrendered his Apple Watch, cell phones, keys, wallet, and religious beads worn around his neck.

29. Due to the severity of Plaintiff's injuries and ongoing bleeding, the defendant officers paused Plaintiff's processing and transported him to Harlem Hospital.

30. At Harlem Hospital, Plaintiff underwent diagnostic and radiological testing and received stitches to close lacerations above his left eye and inside his lip. He was informed that he had sustained a fractured nose, a fractured rib, subluxation of his left shoulder, pleural effusion, and bruising to his wrists, amongst other injuries.

31. On or about October 9, 2024, Plaintiff was arraigned on charges of Criminal Possession of a Controlled Substance in the Third Degree and Assault in the Second Degree, both of which the arresting officer and other officers on duty knew or by reasonable investigation should have known that Plaintiff did not commit.

32. Plaintiff was unlawfully imprisoned through his arraignment.

33. Plaintiff's charge of Assault in the Second Degree was dismissed in the interests of justice, and he pleaded guilty to a reduced charge of Criminal Possession of a Controlled Substance in the 7th Degree, a misdemeanor, and was sentenced to time served.

34. On or about October 8, 2024, Plaintiff did not assault a police officer.

35. On or about October 8, 2024, Plaintiff did not sell any quantity of controlled substances to an undercover officer.

36. On or about October 8, 2024, Plaintiff was not engaged in any illegal activity or criminal conduct.

37. As alleged herein, the defendant officers, including but not limited to Officers Williams, Camacho, Tavarez, conspired and took overt acts in an effort to cover-up their unlawful conduct by causing false criminal charges to be asserted against Plaintiff and submitting false

official reports and/or sworn statements in an effort to advance a false legal process and a criminal prosecution of Plaintiff.

38. Plaintiff did not cause or contribute to the happening of the aforesaid incidents.

39. The defendant officers' acts and omissions alleged herein violated Plaintiff's clearly established constitutional rights.

40. It was not objectively reasonable for the defendant officers to believe that their conduct did not violate Plaintiff's constitutional rights.

41. It was clearly established law on the date of Plaintiff's arrest that it was unlawful and a violation of an individual's constitutional rights for a government official to fabricate criminal charges against an individual, seize an individual absent legal justification, arrest and imprison an individual absent probable cause, and prosecute an individual in malice and/or without legal justification.

42. It was clearly established law on the date of the defendant officers' use of force upon Plaintiff that it was unlawful and a violation of an individual's constitutional rights for a government official to use excessive physical force and to deny or delay medical treatment for an objectively serious medical injury. The defendant officers' vicious beating of Plaintiff with fists and police batons all constituted unreasonable and excessive uses of force that were violative of Plaintiff's clearly established constitutional rights.

43. The defendant officers' denial of access to timely and appropriate medical attention to Plaintiff following these uses of force was wanton, malicious, and intended to cause further pain and anguish to Plaintiff. On the date of the subject incident, said conduct was violative of Plaintiff's clearly established constitutional rights.

44.     None of the defendant officers intervened to protect Plaintiff from the constitutional violations alleged herein, despite having time and opportunity to do so.

45.     As a result of the foregoing, Plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, loss of liberty, pecuniary loss, deprivation and violation of his due process and civil rights, embarrassment and humiliation, and was otherwise damaged.

### FIRST CLAIM FOR RELIEF:
### 42 U.S.C. §1983 CLAIMS

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

47.     As alleged above, each of the defendant officers, acting under the color of law, personally violated Plaintiff's clearly established constitutional rights in that they each (a) used excessive force upon Plaintiff; (b) falsely arrested and caused Plaintiff to be falsely imprisoned; (c) stopped, detained, and searched Plaintiff under false and/or malicious pretenses; (d) fabricated criminal charges against Plaintiff; (e) maliciously prosecuted Plaintiff; (f) maliciously abused process against Plaintiff; (g) knowingly provided false and/or misleading statements and reports against Plaintiff; (h) denied Plaintiff equal protection of the law; (i) abused and misused their authority; (j) covered up and/or otherwise concealed their own misconduct and that of their fellow officers; and (k) denied Plaintiff access to timely and appropriate medical care.

48.     The defendant officers knew they had duties, under the U.S. Constitution and state and city law, to not use excessive force, to not deny Plaintiff equal protection of the law, and to not abuse and misuse their authority.

49.    The defendant officers acted with deliberate indifference to the plaintiff's clearly established rights.

50.    The actions of the defendant officers were purposeful, malicious, and in bad faith.

51.    The defendant officers knew they had duties, under the U.S. Constitution as well as the laws and regulations of the City and State of New York, (a) to make truthful statements in their official reports and testimony; (b) to truthfully and fully disclose to prosecutors and the Court the circumstances of their pre-arrest contact with Plaintiff; (c) to truthfully and fully disclose to prosecutors and the Court the circumstances of their arrest of Plaintiff; (d) to not arrest Plaintiff absent probable cause; (e) to disclose information and facts to investigators, supervisors, prosecutors and the Court so that the arrest and prosecution of Plaintiff would not be based upon false, misleading, or incomplete evidence and statement; and (f) to affirmatively act so as not to cause or continue Plaintiff to be unconstitutionally detained, arrested, imprisoned, prosecuted, retaliated against, physically assaulted, denied medical care, and suffer resultant injuries.

52.    Notwithstanding their awareness of these and other duties, the defendant officers, during and following their contact with Plaintiff, intentionally, recklessly and/or with deliberate indifference to their legal obligations, concealed, lied about, and otherwise failed to disclose that (a) use of force was not warranted, (b) the officers did not have probable cause, and (c) Plaintiff required medical attention.

53.    Notwithstanding their awareness of these and other duties, the Officers intentionally, recklessly and/or with deliberate indifference to their legal obligations, created a false narrative and fraudulently claimed that the use of force was reasonable and necessary.

54.     The aforesaid acts and omissions violated Plaintiff's clearly established rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and were the moving force of the damages he suffered.

55.     As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements pursuant to 42 U.S.C. §1988.

### PENDANT STATE CLAIMS

Conditions Precedent

56.     A Notice of Claim setting forth the basis of the claim, the time, place and manner in which it arose, and a description of injuries sustained by the plaintiff herein was served upon the City of New York within ninety (90) days of the date of incident alleged herein.

57.     More than thirty (30) days have elapsed since Plaintiff served his Notice of Claim and the City has neglected and refused to make an adjustment thereof.

58.     The City of New York conducted a statutory hearing of Plaintiff pursuant to Section 50-h of the General Municipal Law.

59.     This action is commenced, including all applicable tolls, within the applicable statutes of limitations.

60.     This action falls within one or more of the exceptions set forth in CPLR §1602.

### SECOND CLAIM FOR RELIEF:
### ASSAULT AND BATTERY

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

62. As alleged herein, each of the defendant officers did initiate nonconsensual contact with Plaintiff; did forcibly touch Plaintiff; did intimidate and threaten Plaintiff; and did assault and batter Plaintiff.

63. As alleged herein, each of the defendant officers made offensive bodily contact with Plaintiff, constituting harmful and offensive contact to Plaintiff's person. Said contact was done intentionally by the officers and without Plaintiff's consent or legal justification.

64. As alleged herein, each of the defendant officers' acts against Plaintiff created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person. Said acts were done intentionally by each of the defendant officers and without Plaintiff's consent or legal justification.

65. As alleged herein, each of the defendant officers' acts against Plaintiff constituted harmful and offensive contact to Plaintiff's person, which were done intentionally by each of the defendant officers and without Plaintiff's consent or legal justification.

66. Inasmuch as each defendant officer was acting for, upon, and/or in furtherance of the business of his employer and/or within the scope of his employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of each defendant officer.

67. As a result of the foregoing, Plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, shame, embarrassment, humiliation, damage to reputation, has been caused to incur pecuniary losses, and was otherwise damaged.

**THIRD CLAIM FOR RELIEF:**
**UNLAWFUL STOP, SEIZURE, DETAINER, SEARCH,**
**FALSE ARREST, AND FALSE IMPRISONMENT**

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

69.    At all times alleged herein, the defendant officers were acting within the scope of their employment with the NYPD and with the power and authority bestowed upon them by the City of New York.

70.    As alleged herein, the defendant officers unlawfully stopped, detained, seized, searched, arrested, and imprisoned Plaintiff.

71.    The defendant officers' conduct complained of herein was intentional and without legal cause, justification or privilege.

72.    Inasmuch as each of the defendant officers was acting for, upon, and/or in furtherance of the business of his employer and/or within the scope of his employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of the defendant officers.

73.    As a result of the foregoing, Plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, shame, embarrassment, humiliation, damage to reputation, has been caused to incur pecuniary losses, and was otherwise damaged.

**FOURTH CLAIM FOR RELIEF:**
**ABUSE OF PROCESS AND MALICIOUS PROSECUTION**

74.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

75.    As alleged herein, each of the defendant officers working at or for the benefit of defendants City took specific and intentional action to cause Plaintiff to be maliciously prosecuted.

76.    As alleged herein, through bad faith, fraud, and perjury, the defendant officers did intentionally abuse process and cause Plaintiff to be maliciously prosecuted.

77.    As alleged herein, the defendant officers did provide knowingly false and/or misleading statements with the malicious intent to ensure that Plaintiff was arrested, charged, and prosecuted for criminal conduct he did not commit.

78.    As alleged herein, the defendant officers did provide knowingly false and/or misleading statements with the collateral objective of covering up and diverting attention from their own illegal conduct toward Plaintiff.

79.    As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

80.    As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

**FIFTH CLAIM FOR RELEIF:**
**NEGLIGENT SCREENING, HIRING, TRAINING, SUPERVISION AND RETENTION**

81.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

82.    The offenses alleged herein resulted, in whole or in part, due to the failure of defendant City of New York to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons during their employment, and/or to promulgate appropriate policies and procedures either formally or by custom.

83.     Defendant City was negligent in its hiring, training, retention, supervision, direction, control, appointment and/or promotion of their employees, agents and/or servants, including but not limited to each of the defendant officers.

84.     Defendant City knew or should have known in the exercise of reasonable care the propensities of the defendant officers to engage in the wrongful conduct heretofore alleged herein.

85.     Defendant City was negligent, careless and reckless in its screening, hiring, training, retention, supervision, direction, control, appointment and promotion of its agents, servants and employees, including but not limited to the defendant officers, in that said employees lacked the experience and ability to be hired by the said defendant; in failing to exercise due care and caution in their screening, hiring, appointment and promotion practices, and in particular, hiring these individuals who lacked the mental capacity and ability to function on behalf of said defendant; in that these individuals lacked the temperament, ethics, maturity, sensibility and intelligence to function on behalf of said defendant; in that said defendant knew of the lack of temperament, ethics, ability, experience and maturity of these individuals when it hired them; knew of the propensities of these individuals to act in the belligerent, aggressive, violent and illegal manner in which they did; in that said defendant, its agents, servants and/or employees, failed to supervise, train, suspend and/or terminate these individuals when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

86.     The failure of defendant City to adequately train its agents, servants and employees in the reasonable exercise of their job duties and the laws of the United States of America, the State of New York, and the rules and regulations of the City of New York, is evidence of the defendant City's reckless lack of cautious regard for the rights of the public in general and Plaintiff in

particular, and exhibited a lack of that degree of due care which reasonable and prudent individuals would show under the same or similar circumstances.

87. Defendant City knew or should have known in the exercise of reasonable care, the propensities of the defendant officers to engage in the wrongful conduct heretofore alleged in this Complaint.

88. Defendant City knew or should have known that its policies, customs and practices, as well as its negligent hiring, retention, supervision, training, appointment and promotion of its police officers, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct, and neglect would not be swiftly and effectively investigated nor adverse employment action, or prosecution, taken.

89. The defendant officers' negligent acts and omissions, as set forth above, were the reasonably foreseeable consequence of defendant City's negligent conduct.

90. The aforesaid acts and omissions of defendant City, its agents, servants and employees, resulted in the plaintiff's rights being violated, his freedom taken from him, and him being injured.

91. As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

92. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, reasonable attorney's fees, together with costs, expert fees, and disbursements.

**SIXTH CLAIM FOR RELIEF:**
**NEGLIGENCE**

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

94.     Each defendant, inclusive of their agents, servants and employees, owed Plaintiff a duty of care, including the duty to prevent him from being assaulted, battered, unlawfully detained and searched, falsely arrested, falsely imprisoned, and maliciously prosecuted.

95.     Each defendant, inclusive of their agents, servants and employees, negligently breached their duty of care to Plaintiff.

96.     The negligence of each defendant, inclusive of their agents, servants and employees, in the instance was the proximate cause of the injuries and damages suffered by Plaintiff.

97.     Inasmuch as the defendant officers were acting for, upon, and/or in furtherance of the business of their employer and/or within the scope of their employment, defendant City is liable under the doctrine of *respondeat superior* for the tortious actions of same.

98.     As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

99.     As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

## SEVENTH CLAIM FOR RELIEF:
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

100.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

101.    As set forth above, the defendant officers' aforesaid conduct was intentional, malicious and excessive, and served no reasonable or legitimate interest.

102.    As set forth above, the defendant officers' aforesaid conduct was negligent, reckless and/or grossly negligent, and served no reasonable or legitimate interest.

103.    As set forth above, the defendant officers' acts and omissions alleged herein were of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff's psychological and emotional well-being.

104.    As a result of the foregoing, Plaintiff suffered and continues to suffer severe and permanent psychological and emotional injuries, including, but not limited to, fear and apprehension of imminent physical harm, humiliation, embarrassment, shame, bouts of screaming, and prolonged agitation.

105.    As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues in this matter.

## RELIEF

Plaintiff requests the following relief, jointly and severally, against all of the defendants:

1.      An award of compensatory damages against all defendants in an amount to be determined at trial; and

2.      An award of punitive damages against the non-municipal defendants in an amount to be determined at trial; and

3.      An award of attorney's fees, expert's fees, costs and disbursements; and

4.      Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
        January 5, 2026

**HELD & HINES, LLP**
*Attorneys for Plaintiff*
4815 Avenue N
Brooklyn, New York 11234
(718) 531-9700
phines@heldhines.com


By: */s/ Philip Hines*_____
        Philip M. Hines, Esq.